Honorable Charles D. Travis Executive Director Texas Parks Wildlife Department 4200 Smith School Road Austin, Texas 78744 C. Robert Heath Chairman
Re: Whether the state may contract to operate and maintain for an indefinite period recreational facilities developed in a federally owned park.
Dear Mr. Travis:
You inform us that the Parks and Wildlife Department has negotiated a cost sharing agreement with the United States for recreational development of federally owned property. Under the proposed agreement, the state would lease the property for an indefinite period. The federal government requires the state to assume responsibility for operating, maintaining, and replacing all recreational facilities developed on the leased premises. You wish to know whether you may unconditionally promise to pay the operation and maintenance costs for an indefinite period into the future.
Parks and Wildlife has authority to spend state funds to build facilities on land owned by the federal government. See V.T.C.S. Parks Wild. Code §§ 13.301-13.313; Attorney General Opinion H-257 (1974). The expenditures are made from the Texas Parks Fund established pursuant to section 3 of article 7.06, Taxation-General, V.T.C.S., and appropriated by the legislature for purposes stated in that statute. See Attorney General Opinions H-575 (1975); H-257 (1974); M-1164 (1972).
Article VIII, section 6 of the Texas Constitution provides that no appropriation may be made for a period longer than two years. The state may not as a general matter contract on the basis of anticipated revenues beyond the two year period. See Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660 (Tex. 1935); Attorney General Opinions V-291 (1947); O-1544 (1939). Article III, section 49 of the constitution prohibits the state from creating debts and also prevents contracting on the basis of anticipated revenues.
It is, however, possible for the state to enter into a contract for a period longer than two years. See generally S. Susman, Contracting with the State of Texas-Fiscal and Constitutional Limitations, 44 Tex. L. Rev. 106, 140 (1965). It may enter into a requirements contract, where it does not commit itself in advance to purchase any amount of the commodity or to appropriate any funds. See City of Big Spring v. Board of Control, 404 S.W.2d 810
(Tex. 1966); Charles Scribner's Sons, Inc. v. Marrs, 262 S.W. 722
(Tex. 1924). Since no obligation to pay arises until the goods are delivered, this kind of contract does not commit appropriated funds for longer than two years. Obligations that run current with revenues are not debts within the constitution and thus do not violate article III, section 49. In addition, the state may obligate revenues which do not go through the appropriations process for a period longer than two years. Friedman v. American Surety Co. of New York, 151 S.W.2d 570 (Tex. 1941); Attorney General Opinion O-1694 (1939). The state may also enter into a binding contract involving the expenditure of appropriated funds for longer than two years where payment is conditioned upon the availability of appropriated funds. See, e.g., V.T.C.S. art. 666b, § 5(h); Attorney General Opinions M-253 (1968); M-89 (1967); C-134 (1963). Finally, where the amount of the state's obligation can be ascertained at the inception of the contract, it may pay the entire consideration in advance. Attorney General Opinions C-134 (1963); O-6246 (1944).
If your proposed contract conforms to any one of the methods discussed above, you may enter into it for a period of more than two years, but you may not enter into a contract that unconditionally promises to make expenditures from funds to be appropriated in the future.
 SUMMARY
The Department of Parks and Wildlife may not enter into an unconditional contract to make expenditures from funds to be appropriated in the future. However, there are procedures by which the Department may enter into contracts with terms exceeding two years.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General